**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TROY HOWARD WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Civil Action No.: PJM-21-748 |

## MEMORANDUM OPINION

Self-represented Petitioner, Troy Howard Williams, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in the Circuit Court for Baltimore City, Maryland for second degree murder and related handgun charges. ECF No. 1. The Petition is fully briefed. ECF Nos. 1, 8, 9. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6 (2023); Rules 1(b) and 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Petition will be DENIED.

## BACKGROUND

Williams was indicted in the Circuit Court for the City of Baltimore on March 16, 1998, for first degree murder and related handgun charges. ECF No. 8-1 at 3-4. Williams was tried by jury three times. *Id.* at 3-4, 6-7, 20, 34-36. All three jury verdicts were reversed on direct appeal or post-conviction review. *Id.* at 14, 25, 39-40. His fourth trial, held in May of 2015, forms the basis of this federal habeas petition. *Id.* at 46-47. After a bench trial during which Williams represented himself, Williams was found guilty of second degree murder, use of a handgun in the

commission of a crime of violence, and wearing, carrying and transporting and handgun. *Id.* at 47. The Circuit Court sentenced Williams to an aggregate 40 years' imprisonment. *Id.* at 72.

Williams filed a *pro se* direct appeal with the Appellate Court of Maryland, asserting three assignments of error:

(1) The trial court erred when it accepted Williams' waiver of his right to counsel in violation of Md. Rule 4-215.

(2) The trial court committed plain error when it admitted a letter written by the State's main witness detailing Williams' confession because the letter's probative value was outweighed by the danger of unfair prejudice.

(3) The trial court erred in denying appellant's motion to dismiss based on the State prosecutor's familiarity with material previously ordered to be destroyed.

*Id.* at 47, 71-89. On September 8, 2016, the Appellate Court of Maryland issued an opinion affirming Williams' convictions and sentence. *Id.* Williams did not seek a petition for a writ of certiorari with the Supreme Court of Maryland.

While his direct appeal was pending, on July 23, 2016, Williams filed a petition for post-conviction relief with the Circuit Court for Baltimore City. *Id.* at 49, 50, 90-92. Appointed counsel filed a supplemental petition on December 28, 2018. *Id.* at 54. Williams raised the following claims:

(1) The first error in Petitioner's case is a Due Process Clause in the United States Constitution, imposes upon the State a duty and obligation to disclose evidence favorable to the accused upon request where the evidence is material either to the guilt or punishment of the defendant, or would help to impeach [a] witness.

(2) Denying Petitioner a fair opportunity to cross-examine witnesses in violation of the Confrontation Clause due to deficient discovery.

(3) The Petitioner requested witnesses necessary to establish the chain of custody over any and all evidence intended for introduction.

(4) The State shouldn't [have] presented Detective Opher['s] perjured testimony about Brenda O'Carroll due to deficient discovery.

(5) Due to deficient discovery, it deprived Petitioner of effective pro se representation.

(6) Petitioner was deprived of his rights to face Brenda O'Carroll in violation of the Confrontation Clause, United States Constitution.

(7) Sean Williams' testimony about Petitioner's alleged confession should not have been allowed due to redacted hearsay evidence and deficient discovery from the Baltimore Detention Center.

(8) The State failed to disclose evidence tending to impeach their witness, Detective Darryl Massey of the Baltimore Police Department, prior to trial in this case.

ECF No. 9-1 at 18-19. The Circuit Court held a hearing on December 2, 2020, and issued an opinion on January 5, 2021, denying Williams' petition. *Id.* at 59, ECF No. 9-1. Williams filed a *pro se* application for leave to appeal the denial of his petition with the Appellate Court of Maryland. ECF No. 1-10. According to the Circuit Court docket entries, the Appellate Court of Maryland issued an Order on April 28, 2021, dismissing Williams' appeal as untimely filed. ECF No. 8-1 at 61.

Williams has now filed a Petition for a Writ of Habeas Corpus in this Court in which he asserts the following grounds for relief: (1) the state failed to disclose the recorded statement of witness, Brenda Carroll, prior to trial, (2) the state failed to disclose the transport record for witness, Brenda Carroll, prior to trial, (3) the state failed to produce a copy of Williams' recorded pretrial statement to Detective Opher, and (4) the state failed to produce witnesses necessary to establish the chain of custody of evidence at trial. ECF No. 1. In the Answer, Respondent contends that all of Williams' claims are procedurally defaulted because they are trial claims required to be raised on direct appeal, were not raised on direct appeal, and Williams failed to file a petition for a writ of certiorari to the Supreme Court of Maryland. ECF No. 8 at 16-17. Respondent also argues that the claims are procedurally defaulted because even though the claims were presented in his petition for post-conviction relief, he failed to present them in his application for leave to appeal

and his application was dismissed by the Appellate Court of Maryland as untimely filed. *Id.* at 19-20.

## PROCEDURAL DEFAULT

Respondent argues that Williams' claims are procedurally defaulted because he did not exhaust state remedies and no longer has the right to assert these claims in state court. A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Maryland Supreme Court by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (LexisNexis 2018). To exhaust a claim through state post-conviction proceedings, a defendant must assert the claim in a petition for post-conviction relief filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to 7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Appellate Court. *Id.* § 7-109. If the Appellate Court denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

At the time Respondent filed their Answer, they did not have a copy of the Circuit Court's opinion denying Williams' post-conviction petition and incorrectly assumed that his claims were considered waived because they should have been raised on direct appeal. ECF No. 8 at 16-17.

Williams provided the Court with a copy of the opinion, which shows that the Circuit Court did not find his claims waived; the claims were either voluntarily dismissed by Williams at the hearing or denied by the Circuit Court on the merits. ECF No. 9-1. Williams' claims are not procedurally defaulted for this reason.

Respondent also argues that the claims are procedurally defaulted because the Appellate Court of Maryland dismissed Williams' application for leave to appeal as untimely filed. To be sure, an untimely filed application for leave is an adequate and independent state ground that bars this Court from considering a habeas claim. *See Yeats v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000). However, Respondent failed to provide the Court with a copy of the dismissal order from the Appellate Court of Maryland, merely referencing an entry from the Baltimore City docket sheet. This Court would be remiss to deem claim(s) procedurally defaulted based on a docket sheet from a court that did not issue the relevant order.

Finally, Respondent argues that Williams' claims are procedurally defaulted because he failed to include them in his application for leave to appeal the denial of his post-conviction petition. ECF No. 8 at 19-20. The Court agrees. Williams' application for leave to appeal included a single claim that the state failed to produce impeachment evidence prior to trial showing that Detective Darryl Massey falsified his time slips. ECF 1-10. None of the four claims alleged in Williams' federal habeas petition appear in his application for leave to appeal. To properly exhaust a post-conviction claim in Maryland, the claim must be fairly presented to *both* the post-conviction court and to the Court of Special Appeals in an application for leave to appeal. *See Allen v. Acting Warden of WCI*, No. CV PX-17-2917, 2019 WL 3323181, at *2 (D. Md. July 24, 2019). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available

state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1). Maryland law does not permit Williams to file a second and successive state petition for post-conviction relief. *See* Md. Code Ann., Crim. Proc. § 7-103(a). Williams' claims are therefore procedurally defaulted.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Neither exception to the procedural default doctrine applies. Williams filed a Reply to the Answer arguing that the Respondent waived their procedural default argument, citing *Granberry v. Green*, 481 U.S. 129 (1987). ECF No. 9. However, in the years since *Granberry* was decided, the Antiterrorism and Effective Death Penalty Act (AEDPA) has been amended to provide that a state will no longer be found to have waived the defense of non-exhaustion unless it does so expressly and through counsel. *See* 28 U.S.C. § 2254(b)(3). Respondent has not waived their exhaustion defense and, in fact, have asserted it in their Answer. Where Williams has provided no basis for excusing his procedural default, his claims for relief are not properly before this Court and will be dismissed.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Williams fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Williams may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DENIED. The Court will decline to issue a certificate of appealability. A separate Order shall issue.

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE